UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| THOMAS CROUSE, ) | |
|     Petitioner, ) | |
| ) | |
|        v. ) | C.A. No. 07-12004-MLW |
| ) | |
| THOMAS DICKHAUT, ) | |
|     Respondent. ) | |

<u>MEMORANDUM AND ORDER</u>

WOLF, D.J.                                                   August 15, 2011

I.   INTRODUCTION

<u>Pro se</u> petitioner Thomas Crouse was convicted in Massachusetts Superior Court of first degree murder and burning a dwelling. He was sentenced to life in prison for the murder conviction and to an additional term of between seven to ten years for burning a dwelling. On appeal, the Massachusetts Supreme Judicial Court ("SJC") affirmed the judgments against him. <u>See</u> <u>Commonwealth v. Crouse</u>, 447 Mass. 558, 576 (2006). On October 22, 2007, Crouse filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. §2254.

On February 29, 2008, respondent Thomas Dickhaut moved to dismiss the petition on the grounds that Crouse had failed to exhaust his claims as required by 28 U.S.C. §2254(b)(1).[1] In particular, Dickhaut identified the fourth of Crouse's seven claims ("Claim D") as unexhausted. In the petition, Claim D is captioned,

---

[1] Dickhaut also argued that the petition should be dismissed because it improperly includes legal argumentation. In an August 29, 2008 Memorandum and Order, the court rejected that argument.

"The Trial Court Committed Error By Admitting Evidence of a Canine Alert That Could Not Be Confirmed By Subsequent Laboratory Tests." Crouse did not respond to Dickhaut's motion to dismiss.

On August 29, 2008, the court denied the motion to dismiss without prejudice, because the record was insufficient to permit the court to determine whether Crouse's claims were unexhausted. Accordingly, the court ordered Dickhaut to submit the complete state court record and to respond to the other claims in the petition, including stating whether any claims other than Claim D are unexhausted. See Aug. 29, 2008 Order. The court also noted that, if some of Crouse's claims are unexhausted, it may be appropriate either to stay the petition to allow Crouse to exhaust his claims or to delete the unexhausted claims rather than dismissing the petition. See id.

On October 22, 2008, Dickhaut answered the petition and submitted an appendix containing documents culled from Crouse's state court record. On August 10, 2009, Dickhaut moved for judgment on the pleadings, reiterating his argument that Claim D of the petition is unexhausted. Shortly thereafter, on August 31, 2009, Crouse moved for a stay, "in order that petitioner can return to state court for a judicial determination on a new claim that involves the violation of a federal constitutional right." Because it was not clear to the court whether this "new claim" was Claim D or was instead a claim not asserted in the original petition, the

court denied Crouse's motion without prejudice and ordered him to file an additional motion to stay more clearly articulating the basis for the relief requested. See Oct. 14, 2009 Order. The court also specifically ordered Crouse to address whether a stay is justified based on the criteria set forth in Rhines v. Weber, 544 U.S. 269 (2005). See id.

On November 6, 2009, Crouse filed a second motion to stay, clarifying that the "claim to be presented to the state court is not included in the present petition before the court for consideration . . . . and involves a matter at petitioner's trial that occurred in violation of petitioner's constitutional right to effective assistance of counsel." On November 23, 2009, Dickhaut opposed Crouse's motion.

For the reasons described below, the court finds that Claim D of Crouse's petition is unexhausted and, therefore, is giving Crouse an opportunity to either move for a stay or delete that claim. The court also is denying Crouse's motion to stay the petition in order to assert a new claim in state court.

II. EXHAUSTION

The requirement of exhaustion is well-established. Before seeking a federal writ of habeas corpus, a state prisoner must exhaust available state remedies. See 28 U.S.C. §2254(b), (c); Janosky v. St. Amand, 594 F.3d 39, 50 (1st Cir. 2010). In the interest of comity, the exhaustion requirement gives "the State an

initial opportunity to pass upon and correct alleged violations of its prisoners' federal rights." Picard v. Connor, 404 U.S. 270, 275 (1971) (internal quotation marks omitted); see also Janosky, 594 F.3d at 50. "To provide the State with the necessary 'opportunity,' the prisoner must 'fairly present' his claim in each appropriate state court (including a state supreme court with powers of discretionary review), thereby alerting that court to the federal nature of the claim." Baldwin v. Reese, 541 U.S. 27, 29 (2004).

Therefore, in order for a petitioner to exhaust a federal claim, he must present it "fairly and recognizably" to state courts. Janosky, 594 F.3d at 50 (quoting Adelson v. DiPaola, 131 F.3d 259, 262 (1st Cir. 1997)). In other words, a petitioner "must have tendered the claim 'in such a way as to make it probable that a reasonable jurist would have been alerted to the existence of the federal question.'" Janosky, 594 F.3d at 50 (quoting Scarpa v. Dubois, 38 F.3d 1, 6 (1st Cir. 1994)). Methods of fair presentation include: (1) citing a provision of the federal constitution; (2) presenting a federal constitutional claim in a manner that fairly alerts the state court to the federal nature of the claim; (3) citing federal constitutional precedents; (4) claiming violation of a right specifically protected by the federal constitution; or (5) in some situations, citations to state court decisions which rely on federal law or articulation of a claim that is practically indistinguishable from one arising under federal law. See Clements

v. Maloney, 485 F.3d 158, 162 (1st Cir. 2007).

The burden of proving that a federal claim has been exhausted at the state court level is on the petitioner. See Nadworny v. Fair, 872 F.2d 1093, 1098 (1st Cir. 1989). This burden "is a heavy one." Id.

In this case, the court finds that Claim D of Crouse's petition is unexhausted. As noted above, Claim D is captioned, "The Trial Court Committed Error By Admitting Evidence of a Canine Alert That Could Not Be Confirmed By Subsequent Laboratory Tests." In his appellate brief to the SJC, Crouse included a claim titled "The Trial Court Committed Reversible Error in Admitting Evidence of the Unconfirmed Canine Alert." In introducing and arguing this claim, Crouse referred to his "constitutional right to due process" and stated that "[d]ue process requires more" than the allegedly deficient process accorded to him in state court. However, these references were insufficient to alert the state court to the possible federal nature of Crouse's claim.

In cases in which the federal nature of a petitioner's state court claim was more clear-cut than in this case, the First Circuit has sounded notes of caution. One such case is Dyer v. Ponte, in which the petitioner's SJC brief included two references to the Fourteenth Amendment, arguing that the petitioner had been "deprived . . . of his right to a fair trial under the Fourtheenth [sic] Amendment to the United States Constitution" and that he had

5

been "deprived . . . of due process of law as guaranteed by the Fourteenth Amentment [sic] of the United States Constitution and the Declaration of Rights of the Constitution of the Commonwealth of Massachusetts." 749 F.2d 84, 86 (1st Cir. 1984). The petitioner's reply brief also referred repeatedly to his due process rights. See id. However, the First Circuit expressed "doubts about whether these cursory references to the Fourteenth Amendment and due process were sufficient to raise the constitutional issue before the [SJC]," noting that the petitioner had "cited no federal cases in his state court brief and made virtually no federal argument." Id. Despite finding the petitioner's claims to be exhausted, the First Circuit warned that "counsel would be well advised in the future not to rely on a passing reference to a constitutional provision without supporting federal argument and without citations to federal authorities." Id. at 87.

Crouse's solitary reference to his "constitutional right to due process" falls short of the line drawn in Dyer. In presenting his claim to the SJC, Crouse neither cited federal authorities nor supported his claim with federal argument, and he did not even explicitly invoke a particular provision of the United States Constitution, as the petitioner in Dyer did. He also did not refer unambiguously to his federal constitutional right to due process, rely on federal cases, or quote portions of the United States

6

Constitution, as did the petitioner in Fortini v. Murphy, another case in which the First Circuit described exhaustion as a "close[] issue" but ultimately resolved the issue in the petitioner's favor. 257 F.3d 39, 44 (1st Cir. 2001). As such, Crouse's presentation to the SJC of the claim now styled Claim D was insufficient to alert a reasonable jurist to the existence of a federal constitutional question. Although a court must be "solicitous of the obstacles that pro se litigants face" and must "hold pro se pleadings to less demanding standards than those drafted by lawyers and endeavor, within reasonable limits, to guard against the loss of pro se claims due to technical defects," Dutil v. Murphy, 550 F.3d 154, 158 (1st Cir. 2008), the First Circuit has made clear that a passing reference to a constitutional issue will not preserve it for habeas review, see Fortini, 257 F.3d at 44. Accordingly, the court finds Claim D to be unexhausted.

However, rather than allow Dickhaut's motion for judgment on the pleadings at this time, the court is giving Crouse an opportunity either to move for a stay in order to exhaust Claim D in state court or to delete Claim D from his petition. See Rhines, 544 U.S. at 278-79. If Crouse does not delete Claim D and fails to make a meritorious motion for a stay, pursuant to the standards established by Rhines and discussed below, Dickhaut's motion for judgment on the pleadings will be allowed and Crouse's petition will be dismissed. See Rose v. Lundy, 455 U.S. 509, 522 (1982)

7

(requiring the dismissal of mixed petitions).

III. STAY OF THE PETITION

As noted earlier, Crouse has moved for a stay in order to add a new ineffective assistance of counsel claim to his original petition. However, Crouse has failed to satisfy the requirements set forth in Rhines for such a stay.

The Supreme Court has explained that a stay "should be available only in limited circumstances." Rhines, 544 U.S. at 277. Specifically, a stay is only appropriate where the petitioner shows that "there was 'good cause' for failing to exhaust the state remedies, the claims are potentially meritorious, and there is no indication that the petitioner engaged in intentionally dilatory tactics." Josselyn v. Dennehy, 475 F.3d 1, 4 (1st Cir. 2007) (quoting Rhines, 544 U.S. at 278). In his motion, beyond summarily stating that it concerns ineffective assistance of counsel, Crouse does not articulate the factual basis for his proposed new claim. As a result, even crediting Crouse's assertion that "the ineffective claim is not being done for any dilatory purpose," there is no basis on which to find either that Crouse's new claim is potentially meritorious or that good cause exists for his failure to exhaust the new claim in state court.

IV. ORDER

Accordingly, it is hereby ORDERED that:

1. Petitioner Requests that the Court Stays the Habeas

Proceedings in Order that the State Court Can Review Petitioner's New Claim To Satisfy Exhaustion Requirements (Docket No. 17) is DENIED.

2. By September 9, 2011, petitioner shall report whether he requests that Claim D be deleted. If not, petitioner shall move for a stay to permit the exhaustion of Claim D in state court, based on the criteria set forth in Rhines v. Weber, 544 U.S. 269 (2005).

3. If petitioner moves for a stay, respondent shall file any opposition by September 20, 2011.

4. If petitioner requests that Claim D be deleted, respondent shall address the merits of his remaining claims by November 11, 2011, and petitioner shall file any opposition by December 23, 2011.

5 Respondent's Motion for Judgment on the Pleadings (Docket No. 15) is ALLOWED to the extent that the court finds that Claim D is unexhausted and will either dismiss or stay the petition if petitioner does not elect to delete the claim; it is DENIED in all other respects.

                                             /s/ Mark L. Wolf
                                      UNITED STATES DISTRICT JUDGE